# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

November 26, 2025

**VIA ECF**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Arun Subramanian, U.S.D.J.
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

   *Re:*  **Falcon,** *et ano.* **v. York Bagels Inc.,** *et al.*
      **Case No.: 1:25-cv-6759 (AS) (SN)**
      <u>**Joint Letter**</u>

Dear Judge Subramanian:

  This office represents the Defendants in the above-referenced case. Defendants write jointly with the Plaintiff, pursuant to the Court's August 25, 2025 Order, at ECF Docket Entry 13, and the Court's November 18, 2025 Order, at ECF Docket Entry 22.

  (1) A brief statement of the nature of the action and the principal defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, <u>settlement or dispositive motion;</u>

This action was brought by Plaintiff on August 15, 2025, for unpaid overtime and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 et seq. and 650 et seq. ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs. Defendants' preliminary defenses include, but are not limited to, the following: (i) Plaintiffs were properly paid all wages; and (ii) Plaintiffs did not work the number of hours they claim to have worked.

  (2) <u>A brief explanation of why jurisdiction and venue lie in this Court.</u>

This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a). Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

  (3) <u>A statement of all existing deadlines, due dates, and/or cut-off dates;</u>

Existing deadlines, due dates, and cut-off dates are as follows: This joint letter and proposed case management plan is due on November 26, 2025. Answers for Yuval Aroety, Amsterdam Ave

Bagels Inc., York Bagels Inc. d/b/a Bagels & Co., Yuri Ishakov, and Vladislav Djouraevare are due on January 5, 2026. The remote initial pretrial conference is on December 2, 2025.

    (4) <u>A brief description of any outstanding motions;</u>

There are no outstanding motions.

    (5) <u>A brief statement of whether Plaintiffs intend to move for preliminary certification of a collective action and, if so, a proposed briefing schedule for such a motion.</u>

Plaintiffs do not intend to move for preliminary certification of a collective action.

    (6) <u>A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;</u>

No discovery has taken place. Meaningful settlement negotiations can occur once Plaintiffs provide a damages calculation with a settlement demand, whereupon Defendants can produce any time and payroll records in their possession, if any.

    (7) <u>A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;</u>

The parties have not yet had any settlement discussions, other than to agree to jointly request a mediation referral Order, addressed *infra*.

    (8) <u>A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms</u>

The parties have discussed the use of alternate dispute resolution mechanisms and respectfully jointly seek a mediation referral Order.

    (9) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

The parties' counsel have had several cases against each other in the past and, thus far, each has settled at mediation. Defendants respectfully seek an adjournment of the telephonic conference in this case in light of the joint request for a mediation referral Order and because Defendants' counsel will be busy meeting the discovery deadlines this Court has found he is behind on in <u>Fernandez v. Bulldozer Hospitality Group, Inc., *et al.*</u>; Case No.: 1:25-cv-4490 (AS) (GS).

    The parties thank this Court for its time and attention to this case.

Dated: Jamaica, New York
       November 26, 2025                 Respectfully submitted,

**SAGE LEGAL LLC**

   */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*

**VIA ECF**
Colin Mulholland, Esq.
3636 33rd Street, Suite 308
Astoria, NY 11106
cmulhollandesq@gmail.com

*Attorneys for Plaintiffs*
*Juan Falcon and*
*Maurilio Aburto*