**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JUAN FALCON and MAURILIO ABURTO
*Plaintiffs*,

-against-

YORK BAGELS INC. D/B/A BAGELS & CO., AMSTERDAM AVE BAGELS INC., VLADISLAV DJOURAEV, YUVAL AROETY and YURI ISHAKOV.

*Defendants*.

Case No.: 1:25-cv-6759 (AS) (SN)

**SETTLEMENT AGREEMENT AND <u>RELEASE</u>**

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs JUAN FALCON and MAURILIO ABURTO ("Plaintiffs") on the one hand and, on the other, YORK BAGELS INC. D/B/A BAGELS & CO., AMSTERDAM AVE BAGELS INC., VLADISLAV DJOURAEV, and YURI ISHAKOV ("Defendants").

WHEREAS, Plaintiffs allege to have worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the SOUTHERN District of New York, Case No. 1:**25-cv-6759 (AS) (SN)** (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws against Defendants;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws and any other claims raised in the lawsuit filed by Plaintiffs;

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full and complete settlement and final satisfaction of Plaintiffs' claims and potential claims against Defendants through the date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of $24,000.00 (the "Settlement Amount") to be paid to Plaintiffs through their attorney in ten (10) consecutive monthly installments. This is one aggregate Settlement Amount, not a separate amount owed to each Plaintiff or by each Defendant. The payments shall be made pursuant to the following schedule:

(a) Installment One: $5,000.00 by check made payable to "Colin Mulholland, Esq., as Attorney for Plaintiffs," delivered to Plaintiffs' counsel for deposit no later than thirty (30) days

after entry of the Court’s order approving this fully executed Agreement under paragraph 8 (the "Effective Date").

(b) Installments Two Through Nine: $2,111.11 each; by check made payable to "Colin Mulholland, Esq., as Attorney for Plaintiffs,” delivered to Plaintiffs’ counsel for deposit no later than the fifteenth day of each of the nine consecutive calendar months following the month in which Installment One is scheduled to be due. Early payment of an installment shall not accelerate any later due date

(c) Installment Ten: $2,111.12, by check made payable to "Colin Mulholland, Esq., as Attorney for Plaintiffs,” delivered to Plaintiffs’ counsel for deposit no later than the fifteenth day of the consecutive calendar month following the month in which Installment Nine is scheduled to be due. Early payment of an installment shall not accelerate any later due date.

(d) All payments set forth above shall be delivered to the office of Colin Mulholland, Esq., 36-36 33rd Street, Ste 308, Astoria, New York 11106, or such other address provided by Plaintiffs’ counsel in writing to Defendants’ counsel at least ten (10) business days before the affected due date. Until that notice period expires, payment to the previously designated address is effective. Counsel may agree in writing to payment by electronic transfer without modifying any amount or due date.

(e) The parties understand that these sums are allocated between Plaintiffs and their counsel as follows:

Plaintiff JUAN FALCON : $6,866.94
Plaintiff MAURILIO ABURTO: $8,514.08
Colin Mulholland, Esq.: $8,618.98

(e) A payment is timely when delivered or, if sent by a trackable delivery service with postage prepaid, dispatched to the designated address on or before its due date, provided the payment is honored when timely presented. No default arises solely from ordinary delivery or bank-processing delay or counsel's delay in presenting, depositing, allocating, or distributing a payment. A lost payment shall be replaced promptly after written notice and reasonable confirmation that the original will not also be collected. If a due date falls on a Saturday, Sunday, or New York bank holiday, payment is due on the next business day. Defendants may prepay without premium or penalty. Every payment by or on behalf of any Defendant reduces the common obligation of all Defendants, regardless of the payor or Plaintiffs' internal allocation.

(f) The Settlement Amount includes Plaintiffs' attorneys' fees, costs, and disbursements in the Litigation. Payment to Plaintiffs' designated counsel discharges Defendants to that extent; Plaintiffs and their counsel bear responsibility for the Court-approved allocation and distribution, without additional liability to Defendants. Subject to paragraph 2(b), full payment satisfies all monetary relief on the claims released in paragraph 3, and neither Plaintiff nor counsel may recover the same consideration again. Each Plaintiff represents, as to his own claims only, that he has not assigned or encumbered those claims in a manner that would require Defendants to pay additional consideration.

2(a). The parties shall jointly request that the Southern District of New York retain jurisdiction pursuant to the terms of this Agreement solely to enforce the approved Agreement and determine whether judgment may be entered, including upon the Confessions of Judgment, in the event of Defendants' failure to adhere to the payment schedule by a breach and failure to cure as described below. If the Court does not expressly retain jurisdiction in its dismissal order, enforcement must proceed in a court that otherwise has competent jurisdiction, subject to paragraph 12.

2(b). If an installment remains unpaid after its due date, or a payment is actually dishonored upon presentment, Plaintiffs shall be entitled to serve a written notice ("Default Notice") identifying the unpaid installment, its due date, the exact amount required to cure, the payment instructions, and all credits received. A copy of any notice of dishonor shall be included. Service of a complete Default Notice upon counsel for Defendants by BOTH electronic mail and prepaid First-Class Mail to the addresses below is a condition precedent to default remedies:

Emanuel Kataev, Esq.
Sage Legal LLC
Attn: Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

Defendants shall have twenty (20) calendar days after receipt of the mailed Default Notice to cure by paying the identified overdue installment, without paying unaccrued installments, a premium, or enforcement fees. Receipt of a properly addressed mailed notice is deemed to occur five (5) calendar days after dispatch. The cure period cannot begin before the required email is also transmitted. An ineffective or materially inaccurate notice does not start the cure period. A cure deadline falling on a Saturday, Sunday, or New York bank holiday extends to the next business day. Timely cure eliminates the noticed default and preserves the installment schedule; a later missed installment requires a new Default Notice and cure period. It is also understood that this default provision was an essential condition for extending the Defendants' time to make payment hereunder, and Plaintiffs insisted upon this provision to ensure that the Settlement Payments are given sufficient priority among the Defendants' other financial obligations

Only after expiration of that cure period without cure (an "Uncured Monetary Default") may Plaintiffs accelerate the unpaid balance and seek enforcement, including entry of the Confessions of Judgment designated Exhibits A-1 and A-2, subject to every condition and limitation in this paragraph. The maximum default principal is 200% of the unpaid portion of the $24,000.00 Settlement Amount at the time of the Uncured Monetary Default, after crediting all payments then made, and reduced dollar-for-dollar by every payment or collection thereafter (the "Default Amount"). It may never be less than zero. Payments are not charged twice or disregarded, and the multiplier may be applied only once to the same unpaid balance.

The Confessions of Judgment secure the same obligation, jointly and severally only as to their actual authorized signatories. Their combined maximum principal is $48,000.00 before

credits, not $48,000.00 per confession, per Defendant, or per Plaintiff. No judgment, separate action, levy, or other remedy may permit further collection exceeding the then-unpaid Default Amount; amounts collected through one remedy reduce what may be collected through every other remedy. Every recovery must be credited against the common obligation to prevent duplicate recovery for the same loss. No nonmonetary breach authorizes acceleration or use of a confession. There is no contractual prejudgment interest, late charge, collection surcharge, or award of enforcement attorneys' fees. Only applicable statutory post-judgment interest and taxable court costs may be added as permitted by law.

Before seeking entry, Plaintiffs' counsel must provide Defendants' counsel with the proposed filing and a sworn, itemized statement establishing execution and Court approval of this Agreement; the missed payment; transmission of the required email and service; expiration of the full cure period without cure; every payment and collection; the calculation of the Default Amount; and compliance with all statutory filing requirements. The filing must include the Agreement, approval order, notice, proof of service, and payment ledger, and must be delivered at least five (5) business days before submission. Defendants retain the right to contest default, notice, cure, credits and amount; no confession waives those objections.

Plaintiffs' counsel shall hold the executed confessions in escrow and shall not submit them for entry, record a lien, or commence collection before all prerequisites are satisfied. A copy may be submitted solely for settlement-approval review if identified as security not then eligible for entry. Upon full payment of the Settlement Amount before an Uncured Monetary Default, or full satisfaction of the lawful amount due after such a default, the confessions are extinguished. Within five (5) business days, Plaintiffs shall cause the originals to be returned marked canceled, any unsatisfied docketed judgment to be satisfied, and any resulting restraint or lien to be released. Defendants need not renew or re-execute an expired confession.

2(c). Plaintiff must ensure that all taxes related to the payment described above in this Section 1 are paid. In the event of a tax assessment by any federal, state or local taxing authority, that Plaintiff fully shall pay the assessment including additional taxes, interest, penalties, and/or other liabilities or costs with respect to such payments. Plaintiff indemnifies and holds Defendants harmless for any tax liabilities relating to the payment of the Settlement Amount. Defendants shall use best efforts to provide written notice of any assessment implicating Plaintiff to either the affected Plaintiff or to Plaintiff's attorney at: Attn: Colin Mulholland, Esq. 36-36 33rd Street, Suite 308 Astoria, NY 11106 as soon as Defendants become aware of it. Plaintiffs acknowledge that neither Defendants nor their counsel provide tax advice or guarantee tax treatment. Payments will be treated as 1099. Plaintiffs and their counsel Colin Mulholland, Esq. will provide W-9s to Defendants. In the event Plaintiffs do not provide their W-9s, Defendants may issue a 1099-MISC marked 'Gross Proceeds to Attorney' for any amounts issued the relevant tax year to Plaintiff's counsel.

3. <u>Mutual General Release and Covenant Not To Sue:</u>

Plaintiffs knowingly and voluntarily release and forever discharge Defendants and their respective past and present officers, directors, shareholders, members, employees, agents,

attorneys, affiliates, and successors, solely in connection with Plaintiffs' employment and the matters resolved here (the "Released Parties"), but excluding Yuval Aroety until paragraph 6 applies, of and from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq., as amended ("FLSA"), and related regulations, the New York Labor Law ("NYLL") and related regulations promulgated by the NYS Commissioner of Labor, for any and all claims, including claims of retaliation pursuant to the FLSA and NYLL arising out of Plaintiffs' employment with the Defendants up to and including the date Plaintiffs execute this Agreement, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the Plaintiffs may assert anywhere in the world against the Defendants, or any of them including but not limited to, alleged unpaid wages, unpaid minimum wage, unpaid overtime compensation, failure to provide required notices and/or wage statements, retaliation, back pay, liquidated damages, interest, under any federal, state or local laws ("Wage and Hour Claims") and/or any other claim that could have been brought through the date of the releasing Plaintiff's execution of this Agreement, to the fullest extent permitted by applicable law and approved by the Court. Nothing in this Paragraph 3 is intended to, or shall, interfere with Plaintiffs' right to file a charge with, or participate in a proceeding before, any federal, state or local agency responsible for enforcing discrimination laws. The release applies to each Plaintiff's own claims only. An alleged breach does not revive released claims against the Settling Defendants or undo their dismissal with prejudice; Plaintiffs' remedies against them are limited to enforcing this Agreement, subject to paragraph 2(b).

Nothing in this Agreement is intended to, or shall, waive or release: (i) any claim or right Plaintiffs may have for unemployment insurance or workers' compensation benefits; (ii) any claim to employee benefit plans and/or union benefit plans and/or rights or claims to retirement, 401K, pension, or other benefit plans, whether vested or unvested, including but not limited to any employee benefit plans under 29 U.S.C. § 1002(3); (iii) any medical claim incurred during Plaintiff's employment that is payable under applicable medical plans or an employer-insured liability plan; (iv) any claim or right that may arise after the execution of this Agreement; (v) any claim or right Plaintiffs may have under this Agreement; (vi) any claim that is not otherwise waivable under applicable law; and (vii) claims against Yuval Aroety only to the extent not subject to the covenant and release in paragraph 6. Nothing waives any legally protected right to communicate or cooperate with a government agency, give truthful testimony, or receive a recovery that applicable law makes nonwaivable.

On the Effective Date, Defendants, solely as to claims they own and have authority to release, hereby unconditionally and irrevocably release, waive, discharge and give up any and all claims that Defendants have or may have against Plaintiffs and their legal successors solely in that capacity, of and from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits, claims, or causes known or unknown, suspected or unsuspected, of every kind and nature that arose from the transactions and occurrences implicated by the pleadings in this action and/or any other claim that could have been brought through the date of the releasing Defendant's execution of this Agreement, to the fullest extent permitted by applicable law and approved by the Court. This reciprocal release does not release Defendants'

rights under this Agreement, claims based on later conduct, or claims for contribution, indemnification, or allocation among Defendants or against other persons, including Yuval Aroety.

4. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order. This Agreement compromises disputed claims. This Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement. Neither this Agreement nor any confession admits an employment relationship, individual-employer status, hours worked, rate of pay, wage violation, or amount of underlying damages. Notwithstanding the foregoing, these documents may be used to obtain approval, enforce their lawful terms, or defend against released or barred claims, and as otherwise required by law, but not as an admission of the merits of the disputed allegations.

5. Dismissal of the Litigation: The proposed dismissal papers are Exhibits B-1 and B-2. Upon Court approval, Plaintiffs shall promptly submit Exhibit B-2 dismissing all claims against the Settling Defendants with prejudice, without awaiting completion of the installment payments. The separate dismissal and covenant concerning Yuval Aroety are governed by paragraph 6 and Exhibit B-1. The parties shall request an express retention-of-jurisdiction provision in the Court's order, consistent with paragraph 2(a).

6. **Contingent Covenant Not to Sue:** Plaintiffs agree to forbear from commencing, recommencing, maintaining, or prosecuting any action or proceeding against Defendant Yuval Aroety for any claims implicated by the pleadings of this Action during the pendency of the payment plan set forth above unless and until an Uncured Monetary Default has occurred under paragraph 2(b), after full compliance with its notice and cure requirements. Furthermore, upon full payment or satisfaction of the amount lawfully due under this Agreement, whether by a Defendant or on a Defendant's behalf, Plaintiffs permanently covenant not to institute suit against Defendant Yuval Aroety arising from any matter within the same scope of the Release included in this Agreement.

7. Response to Subpoena: Plaintiffs agree that, in the event that they are subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to the Defendants, their prior employment with Defendants, or to any subject matter relevant to the instant proceedings and the settlement of this matter, Plaintiffs will give prompt notice of such request to Defendant if such notice is permitted by law. Notice is required only to the extent lawful and reasonably practicable and shall not delay compliance with a subpoena, truthful testimony, or legally protected agency communications. No permission from Defendants is required for protected communications or testimony.

8. Court Approval: The parties will use best efforts to seek court approval of this Agreement. The entire settlement, including the confessions, releases, and covenant concerning Yuval Aroety, shall be disclosed to the Court. No installment is due, no release takes effect, and

no confession may be entered before approval of the fully executed Agreement. If approval is denied or conditioned on a material change, the parties shall confer in good faith; no party must accept increased consideration, accelerated payment, expanded liability, or a materially narrower release without its written consent. Unless and until a revised agreement is signed and approved, the payment and confession obligations do not commence. No confession may be used to enforce an unapproved term sheet. The parties can memorialize their consent through addendums executed by their respective counsel.

9. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants. Any change to payment, security, release, or default provisions requires the written consent of each affected party through themselves or their attorney. Neither counsel nor a holder may complete substantive blanks or enlarge a confession after execution except for the blank in each Confession where counsel for Plaintiff is authorized to write the amount confessed at the time a default were to occur.

10. Acknowledgment: The parties acknowledge that they have been fully and fairly represented by counsel in this matter.

Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement. This Agreement and its expressly identified exhibits constitute the entire agreement concerning the settlement and, upon the Effective Date, supersede prior negotiations and understandings on that subject. The Agreement is deemed jointly drafted and shall not be construed against a party as drafter. No oral promise or undisclosed side agreement modifies it. Defined terms and the limitations in paragraph 2(b) apply consistently to all exhibits.

11. Notices: Except for Default Notices and pre-entry submissions governed exclusively by paragraph 2(b), notices shall be in writing. An email sent after 5:00 p.m. Eastern Time or on a nonbusiness day is effective on the next business day. This paragraph does not substitute email or facsimile alone for the dual-service requirement or shorten any default cure period. Notice hereunder shall be delivered to:

To Plaintiff:
Colin Mulholland, Esq.
36-36 33rd Street, Ste 308
Astoria, NY 11106
Telephone (347) 687-2019
cmulhollandesq@gmail.com

To Defendants:

Emanuel Kataev, Esq.
Sage Legal LLC
Attn: Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

12. Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement or any other Court of competent jurisdiction within New York City if the federal court declines to retain jurisdiction.

13. Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable. The Court-approved release, consideration, payment schedule, and limitations on default remedies are material and interdependent. Before approval, no severance may bind Defendants to a materially different settlement without their written consent; paragraphs 8 and 9 control. If a default enhancement is later held unenforceable, only the lawful unpaid settlement obligation and relief otherwise permitted by law may be enforced, without reviving released claims or multiplying the obligation under another instrument. No substitute release or covenant shall be broader or narrower than the parties' agreement as lawfully approved without the affected parties' consent.

14. Release Notification: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Colin Mulholland, Esq., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Each Plaintiff confirms that he understands the Agreement and has had a reasonable opportunity to obtain any translation or explanation needed before signing. No representation is made that a particular translation was supplied unless it actually was.

15. Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of

such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. Counterparts and signatures transmitted electronically are effective to the extent permitted by law, but this provision does not dispense with the oath, acknowledgment, authority, or other formalities required for a confession of judgment.

16. No Waiver. Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times. Acceptance of a partial payment does not waive an unpaid balance, but every accepted payment must be credited. No course of dealing dispenses with a Default Notice or cure period, and a timely cure has the effect expressly provided in paragraph 2(b).

**SIGNATURES BELOW:**

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: ____________________ ______________________________
JUAN FALCON

Dated: ____________________ ______________________________
MAURILIO ABURTO

Dated: ____________________ ______________________________
VLADISLAV DJOURAEV, individually and on behalf of YORK BAGELS INC. D/B/A BAGELS & CO and AMSTERDAM AVE BAGELS INC.

Dated: ____________________ ______________________________
YURI ISHAKOV, individually and on behalf of YORK BAGELS INC. D/B/A BAGELS & CO and AMSTERDAM AVE BAGELS INC

6:29

Final CLEAN (York...

Guardar la copia

which appear below. This Agreement may be executed in two or more counterparts and each of



such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. Counterparts and signatures transmitted electronically are effective to the extent permitted by law, but this provision does not dispense with the oath, acknowledgment, authority, or other formalities required for a confession of judgment.

16. No Waiver. Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times. Acceptance of a partial payment does not waive an unpaid balance, but every accepted payment must be credited. No course of dealing dispenses with a Default Notice or cure period, and a timely cure has the effect expressly provided in paragraph 2(b).

**SIGNATURES BELOW:**

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: ____________________ ______________________________
JUAN FALCON

Dated: 11/09/26 ______________________________
MAURILIO ABURTO

Dated: ____________________ ______________________________
VLADISLAV DJOURAEV, individually and on behalf of YORK BAGELS INC. D/B/A BAGELS & CO and AMSTERDAM AVE BAGELS INC.

Dated: ____________________ ______________________________
YURI ISHAKOV, individually and on behalf of YORK BAGELS INC. D/B/A BAGELS & CO and AMSTERDAM AVE BAGELS INC



UNITED
SOUTH
JUAN F

such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. Counterparts and signatures transmitted electronically are effective to the extent permitted by law, but this provision does not dispense with the oath, acknowledgment, authority, or other formalities required for a confession of judgment.

16. No Waiver. Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times. Acceptance of a partial payment does not waive an unpaid balance, but every accepted payment must be credited. No course of dealing dispenses with a Default Notice or cure period, and a timely cure has the effect expressly provided in paragraph 2(b).

**SIGNATURES BELOW:**

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: 11/09/2026 ______________________________

JUAN FALCON

Dated: ____________________ ______________________________

MAURILIO ABURTO

Dated: ____________________ ______________________________

VLADISLAV DJOURAEV, individually and on behalf of YORK BAGELS INC. D/B/A BAGELS & CO and AMSTERDAM AVE BAGELS INC.

Dated: ____________________ ______________________________

YURI ISHAKOV, individually and on behalf of YORK BAGELS INC. D/B/A BAGELS & CO and AMSTERDAM AVE BAGELS INC

such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. Counterparts and signatures transmitted electronically are effective to the extent permitted by law, but this provision does not dispense with the oath, acknowledgment, authority, or other formalities required for a confession of judgment.

16. No Waiver. Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times. Acceptance of a partial payment does not waive an unpaid balance, but every accepted payment must be credited. No course of dealing dispenses with a Default Notice or cure period, and a timely cure has the effect expressly provided in paragraph 2(b).

**SIGNATURES BELOW:**

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: ______________________ ______________________
JUAN FALCON

Dated: ______________________ ______________________
MAURILIO ABURTO

Dated: Nov/18/26 ______________________
VLADISLAV DJOURAEV, individually and on behalf of YORK BAGELS INC. D/B/A BAGELS & CO and AMSTERDAM AVE BAGELS INC.

Dated: Nov/18/2026 ______________________
YURI ISHAKOV, individually and on behalf of YORK BAGELS INC. D/B/A BAGELS & CO and AMSTERDAM AVE BAGELS INC

Faramarz Fred Latai
FARAMARZ FRED LATAI
Notary Public, State of New York
#01LA5034018
Qualified in Nassau County
Commission Expires 08/28/2029

Nov/18/26